EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Marisol Ramos
Attorney for Plaintiff
(215)440-2619

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| | ) CIVIL ACTION NO. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) |
| NEAPCO, a subsidiary of United Components, Inc. | ) COMPLAINT |
| | ) |
| Defendant, | ) JURY TRIAL DEMAND |
| | ) |
| | ) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Rebecca V. Hunsberger who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Ms. Hunsberger, one of only three female Steering Cell Operators employed at Defendant's manufacturing plant and the only female who worked on the evening shift, was subjected to repeated sexual advances, sexually offensive remarks, and sexual gestures from a male co-worker. This harassment was so widespread that several of Ms. Hunberger's co-workers warned her about the harasser and reported his conduct and comments to her. Further, Ms. Hunsberger reported to management about the sexually harassing conduct and comments. Defendant, however, failed to take prompt remedial action to correct the hostile work

environment and discharged Ms. Hunsinger from her position in retaliation for her complaints. Consequently, Ms. Hunsberger suffered severe emotional distress and back pay damages.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, NEAPCO (Defendant Employer) has continuously been doing business in the State of Pennsylvania and the City Pottstown, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the initiation of the lawsuit, Rebecca V. Hunsberger filed a charge of discrimination with the Commission alleging violations of Title VII by

Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least February 2004, Defendant Employer has engaged in unlawful employment practices at its Pottstown, Pennsylvania facility in violation of Section 703(a) and 704(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Hunsberger to a sexually hostile work environment and discharging her in retaliation for her complaints of sexual harassment.  These unlawful practices include, but are not limited to, the following:

(a)      During the period from February to June 2004,  Brian Bottiglieri, a male co-worker of Ms. Hunsberger, subjected her to sexually offensive comments and unwelcome sexual advances including, but not limited to, references to her buttocks, her breasts, and his desire to "help her out" in the ladies room. He also "offered" to allow her to hold his genitals in return.

(b)      On one occasion Bottiglieri told Ms. Hunsberger that he wanted a "piece" of her (i.e., to have sex with her). In addition, he made Ms. Hunsberger aware that he knew her address and recited it to her. Ms. Hunsberger made it clear to Bottiglieri that his comments and advances were unwelcome.

(c)      Machine operator Scott Sell, a male co-worker, approached Ms. Hunsberger and warned her that Bottiglieri was obsessed with her. Dave Leh, also a Machine Operator, told Ms. Hunsberger that Bottiglieri showed him a photograph he had taken of her buttocks, without her knowledge.

(d)      Another male co-worker informed Ms. Hunsberger that Bottiglieri expressed his desire her sex with Ms. Hunsinger and that he wanted to "paste her eyes shut", referring to masturbating on her face.

Page -3-

(e)     On May 17, 2004, Ms. Hunsberger complained about the sexually hostile work environment to Defendant's General Manager, William Houck and to Howard Missimer, General Supervisor. They directed Ms. Hunsberger to talk with Human Resources Manager, Mary Csapo. Ms. Hunsberger met with Csapo and explained the situation, providing details of the harassment. Ms. Csapo requested the names of any witnesses and promised an investigation. However, none of the witnesses were interviewed.

(f)     On June 6, 2004, co-workers Scott Sell and Dave Leh told Hunsberger that someone hung a finger cot (an object that resembles an unrolled condom) on her locker door.

(g)     Ms. Hunsberger immediately notified her Supervisor, Mark Belin, about the object. Belin took a picture of the finger cot. However the object remained on locker door until June 10, 2004.

(h)     Ms. Hunsberger again complained about the situation to Mary Csapo, Human Resources Manager. Ms. Csapo dismissed the situation as "just child's play", but claimed that she would investigate.

(i)     Ms. Hunsberger was humiliated and upset by the finger cot incident in that the co-workers were well aware of the existence of the finger cot, yet no attempt was made by Defendant to determine who had placed the object on Ms. Hunsberger's locker and Defendant allowed it to remain there for days.

(j)     On June 13, 2004, Ms. Hunsberger was too upset to go to work and her doctor advised her to take a few days off. Ms. Hunsberger returned to work on June 16, 2004.

(k)     On June 17, 2004 Ms. Hunsberger was discharged from her employment. Ms. Hunsberger was never advised of the outcome of the Defendant's alleged investigation of her

sexual harassment complaint. Hunsberger was discharged one month after her first report of sexual harassment to management and less than two weeks after she reported the hanging of the finger cot.

8.    The effect of the practices complained of in paragraph 7(a)-(k) above has been to deprive Rebecca V. Hunsberger of equal employment opportunities and otherwise adversely effect her status as an employee because of her gender, female, and because of retaliation.

9.    The effect of the practices complained of in paragraph 7(a)-(k) has been to deprive Rebecca V. Hunsberger of equal employment opportunities and otherwise adversely effect her status as an employee because of her gender, female, and because of retaliation.

10.    The unlawful employment practices complained of in paragraph 7(a)-(k) were intentional.

11.    The unlawful employment practices complained of in paragraph 7(a)-(k) were done with malice or with reckless indifference to the federally protected rights of Rebecca V. Hunsberger.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, and any other employment practice which discriminates on the basis of sex and retaliation.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for a

Page -5-

harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out anti-discrimination, anti-retaliation and sexual harassment policies and complaint procedures.

D.      Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

E.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability by imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.      Order Defendant Employer to make whole Rebecca V. Hunsberger by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.      Order Defendant Employer to make whole Rebecca V. Hunsberger by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) through (k) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.      Order Defendant Employer to make whole Rebecca V. Hunsberger by providing

compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (k) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.      Order Defendant Employer to pay Rebecca V. Hunsberger punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (k) above, in amounts to be determined at trial.

J.      Grant such further relief as the Court deems necessary and proper in the public interest.

K.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Washington, D.C. 20507

Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Supervisory Trial Attorney

Marisol Ramos
Trial Attorney
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2619

8